UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DANA ANN KRUPNICK,                                              :
                                                                :
                         Plaintiff,                :
                                                                :            **SUMMARY ORDER**
            -against-                                           :            13-CV-3992 (DLI)
                                                                :
ANDREW SAUL,[1]                                                 :
Acting Commissioner of Social Security,                         :
                                                                :
                        Defendant.                :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

       Charles E. Binder, counsel to plaintiff Dana Ann Krupnick ("Plaintiff") in this action, moves pursuant to 42 U.S.C. § 406(b) for an award of attorney's fees in the amount of $19,317.75. *See*, Mot. for Atty.'s Fees ("Mot."), Dkt. Entry No. 24. The Commissioner of Social Security ("Defendant") does not oppose the motion. *See*, Resp. to Mot. for Atty.'s Fees ("Resp."), Dkt. Entry No. 25. For the reasons set forth below, counsel's motion is granted. Counsel shall remit to Plaintiff $4,482.74, which is the amount previously awarded to counsel for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See*, Dkt. Entry No. 23.

## BACKGROUND

       Pursuant to a retainer agreement dated June 17, 2013, Plaintiff retained counsel to represent her in pursuit of Social Security Disability ("SSD") benefits under the Social Security Act. *See*, Exhibit A to Affirmation of Charles Binder, dated December 9, 2016 ("Binder Aff."), Dkt. Entry No. 24-3. On July 15, 2013, with the assistance of counsel, Plaintiff filed an appeal challenging a May 18, 2012 decision of the Administrative Law Judge ("ALJ") denying Plaintiff's claim for benefits. *See*, Complaint, Dkt. Entry No. 1. On March 23, 2015, this Court issued a Memorandum

---

[1] On June 17, 2019, Andrew Saul became the Acting Commissioner of Social Security. Therefore, the Court has substituted him as the named Defendant pursuant to Federal Rule of Civil Procedure 25(d).

and Order remanding the matter to the Defendant for further administrative proceedings. *See*, Dkt. Entry No. 17. On July 10, 2015, the Court approved and so ordered the parties' written stipulation awarding Plaintiff's counsel $4,482.74 in attorney's fees pursuant to the EAJA. *See*, Dkt. Entry No. 23.

Administrative proceedings resumed before a different ALJ who, on January 14, 2016, found Plaintiff disabled and entitled to SSD benefits. *See*, Binder Aff. ¶ 6, Dkt. Entry No. 24-2. On April 20, 2016, the Social Security Administration ("SSA") advised Plaintiff that it had withheld $19,554.00 or 25% of Plaintiff's past due benefits for potential attorney's fees. *Id.* ¶ 12. On November 27, 2016, the SSA also notified Plaintiff that it inadvertently had released to Plaintiff's children $9,763.75, which represented 25% of the past due benefits for Plaintiff's children. *Id.* Plaintiff's counsel now asks this Court to authorize attorney's fees of $19,317.75, representing less than 25% or $29,317.75 of the total withheld funds payable to Plaintiff and her children. *Id.* ¶ 15. Defendant does not oppose the motion. *See*, Resp.

## DISCUSSION

A district court may award an attorney who successfully represents a claimant a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Where, as here, there is a contingency fee arrangement in place, "the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). In determining whether a fee is unreasonable, courts consider numerous factors including: "(1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result

in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case." *Kazanjian v. Astrue*, 2011 WL 2847439, at *1 (E.D.N.Y. July 15, 2011) (citing *Wells,* 907 F.2d at 372).

Here, the retainer agreement is a straightforward one-page document that was executed by Plaintiff prior to the filing of her appeal. *See*, Exhibit A to Binder Aff. The retainer provides that if the case is remanded, and Plaintiff is awarded past due benefits by an ALJ after an additional hearing, counsel may apply to the district court for attorney's fees pursuant to § 406(b) that "will not exceed 25% of the back due benefits" due to Plaintiff and her family. *Id.* On its face, the agreement is reasonable, as the contingency fee falls within the 25% statutory cap. *See*, 42 U.S.C. § 406(b)(1)(A). There is no indication in the record or allegations that the agreement is the product of fraud or overreaching or that Plaintiff's counsel was ineffective or caused unnecessary delay.

The requested fee award also does not constitute a windfall to Plaintiff's counsel. Counsel seeks an award of attorney's fees of $19,317.75 for 23.4 hours of work on behalf of Plaintiff before this Court. *See*, Exhibit B to Binder Aff., Dkt. Entry No. 24-3. This amounts to an hourly rate of $825.54. The total amount requested is less than the 25% ($29,317.75) of the total withheld funds for Plaintiff and her children and falls within the range of awards found reasonable under § 406(b). *See*, *Kazanjian*, 2011 WL 2847439, at *2 (approving award equivalent to hourly fee of $2,100.00 for 19.75 hours worked); *Diz v. Astrue*, 2010 WL 322028, at *2 (E.D.N.Y. Jan. 26, 2010) (approving award equivalent to hourly rate of $825.00 for 17.4 hours worked). The award does not constitute a windfall when viewed against the positive result obtained by counsel and the risk of loss counsel assumed in taking Plaintiff's case on a contingency basis. Accordingly, counsel's request for $19,317.75 in attorney's fees is reasonable.

Finally, although fees are permitted under both the EAJA and § 406(b), "the claimant's

attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Here, Plaintiff's counsel recovered $4,482.74 in attorney's fees under the EAJA and must return that amount to Plaintiff upon receipt of attorney's fees under § 406(b).

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion for attorney's fees is granted and counsel is awarded $19,317.75 pursuant to 42 U.S.C. § 406(b). Plaintiff's counsel shall remit to Plaintiff the $4,482.74 previously awarded to counsel as attorney's fees under the Equal Access to Justice Act upon receipt of the $19,317.75.

SO ORDERED.

Dated: Brooklyn, New York
October 21, 2020

/s/
DORA L. IRIZARRY
United States District Judge